**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

**Robert A. Samuels**,

Plaintiff,

v.

**SOFTWARE SOLUTIONS INTEGRATED, LLC**,
and **BKEA, INC.**,

Defendants.

Cause No. 1:22-cv-1087

# COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Mr. Samuels is suing SOFTWARE SOLUTIONS INTEGRATED (“SSI”) and BKEA, INC., individually and on behalf of a COLLECTIVE of similarly situated individuals, for its failure to pay overtime in violation of the FAIR LABOR STANDARDS ACT. This lawsuit is filed in the Southern District of Indiana because this claim arises under the laws of the United States, and because a substantial part of the events occurred within the District. Mr. Samuels seeks all available relief and respectfully requests a trial by jury.

Respectfully submitted,

/s/ Benjamin C. Ellis
Benjamin C. Ellis
HKM EMPLOYMENT ATTORNEYS LLP
320 N. Meridian St., Ste. 615
Indianapolis, IN 46204
P/F | (317) 824-9747
Email | bellis@hkm.com

## 1. INTRODUCTION

Until SOFTWARE SOLUTIONS INTEGRATED acquired BKEA, INC. d/b/a K&K MANAGEMENT SOLUTIONS in January 2021, Robert Samuels (and his coworkers) were properly paid overtime under the FAIR LABOR STANDARDS ACT. When SSI converted him (and his coworkers) to salary-based compensation in February 2021, however, it began to knowingly deny them the overtime compensation to which they were entitled.

When Mr. Samuels complained about this nonpayment to Alex Irvin in late February 2021, Irvin told him to use "COMP TIME" to offset his overtime hours. Even after Mr. Samuels explained that SSI's work expectations required him to put in overtime, it refused either to pay him for that time or to reduce its expectations. Moreover, SSI knew that its employees were working uncompensated overtime because it refused requests for COMP TIME, and because employees submitting time records in excess of 40 hours per week.

Mr. Samuels now seeks, individually and on behalf of a COLLECTIVE of other similarly situated individuals, all available relief for SSI's nonpayment of overtime in violation of the FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq*.

## 2. JURISDICTION & VENUE

1. This Court has original jurisdiction, under 28 U.S.C. § 1331, of Mr. Samuels' claims for violations of the FLSA because those claims arise under the laws of the United States.

2. This Court is a proper venue for this lawsuit, under 28 U.S.C. § 1391(b), because a substantial portion of the events giving rise to this lawsuit occurred within the Southern District of Indiana.

## 3. PARTIES

### 3.1. Plaintiff

3. Plaintiff Robert A. Samuels resides in Morgan County, Indiana.

### 3.2. Defendants

4. Defendant software solutions integrated, llc (IL Business ID No. 00159166) is a foreign limited liability company with its principal place of business in Shelby County, Illinois.

5. Defendant BKEA, INC. (Business ID No. 198306-019) was, at all relevant times, an Indiana corporation with its principal place of business in Hendricks County, Indiana.

# 4. STATEMENT OF FACTS

## 4.1. General Allegations

6. Mr. Samuels began working for BKEA, INC. d/b/a K&K MANAGEMENT SOLUTIONS as a Customer Support Advisor on March 30, 2020.

7. On or about December 28, 2020, SSI acquired BKEA.

8. SSI has not registered with Indiana's Secretary of State and appears to do business in Indiana under BKEA's business registration.

9. Prior to this acquisition, BKEA classified Mr. Samuels as a nonexempt employee under the FLSA and paid him on an hourly basis.

10. On or about May 16, 2021, SSI began to pay Mr. Samuels on a salary basis.

11. When Mr. Samuels was converted to salary-based compensation, his job duties did not change.

12. In addition, SSI continued to classify Mr. Samuels as a nonexempt employee under the FLSA.

13. Prior to SSI's acquisition of BKEA, BKEA properly paid Mr. Samuels his earned overtime.

14. After Mr. Samuels was converted to salary-based compensation, however, SSI failed to pay Mr. Samuels any amount for the hours over 40 that he worked in a week.

15. In late February 2021, Mr. Samuels complained to Alex Irvin that he was not being paid for his overtime hours.

16. Irvin responded that Mr. Samuels should offset his overtime hours by taking an equal amount of time off in the following week ("COMP TIME").

17. Mr. Samuels replied that he could not complete the expected volume of work within 40 hours each week, and that he could not, therefore, use COMP TIME and still complete his work.

18. Despite having knowledge that Mr. Samuels was required to put in overtime to complete his work, SSI failed either to compensate Mr. Samuels for his overtime or to reduce his workload.

19. At the same time, Mr. Samuels could not stop working overtime because it would adversely affect his employment.

20. Moreover, SSI knew that its employees (including Mr. Samuels and members of the collective) were working uncompensated overtime because it refused requests for COMP TIME, and because employees submitting time records in excess of 40 hours per week.

21. Mr. Samuels estimates that he worked an average of 5 overtime hours each week from May 16, 2022 through the termination of his employment on March 8, 2022.

22. By way of example, Mr. Samuels worked the following hours in the weeks of February 14, 2022:

| | | |
|---|---|---|
| February 14 | 8:00 am – 5:00 pm | 9 hours |
| February 15 | 7:30 am – 5:00 pm | 9.5 hours |
| February 16 | 8:00 am – 5:30 pm | 9.5 hours |
| February 17 | 8:00 am – 4:00 pm | 8 hours |
| February 18 | 8:00 am – 5:30 pm | 9.5 hours |
| **Total** | | **45.5 hours** |

23. Other similarly situated individuals worked (and reported) overtime hours, beginning in February 2021, for which SSI failed to compensate them.

## 4.2. FLSA Collective Action Allegations

24. Pursuant to 28 U.S.C. § 216(b), Mr. Samuels brings this FLSA collective action on behalf of himself and all other similarly situated, non-exempt hourly employees.

25. Pending any modifications necessitated by discovery, Mr. Samuels brings this FLSA unpaid overtime claim on behalf of the following preliminarily defined collective of similarly situated employees ("COLLECTIVE"):

> All hourly, non-exempt employees who worked for Defendant in the State of Indiana or the State of Illinois at any time within three years of the filing of this Complaint through final disposition of this case ("COLLECTIVE ACTION PERIOD"), who did not receive overtime compensation

26. Mr. Samuels is a member of the COLLECTIVE because he worked for as a SSI as a non-exempt, hourly employee who was subject to SSI's practice of not paying overtime for all hours worked in excess of 40 hours per work week during the COLLECTIVE ACTION PERIOD.

27. At all relevant times, Mr. Samuels and all current and former hourly employees are and have been similarly situated and have been subjected to SSI's common policies that deprive the COLLECTIVE of payment for all overtime worked.

28. Mr. Samuels and all putative members of the COLLECTIVE were together the victims of a single decision, policy or plan relating to SSI's policy of requiring (but not allowing ) the COLLECTIVE to use COMP TIME to offset hours worked in excess of 40 hours per workweek and failing to properly compensate hourly employees for their overtime.

29. At all times relevant to this lawsuit, SSI had a policy or practice of not paying employees overtime for the hours they worked over 40 per week.

30. The precise number and identify of other persons yet to opt-in and consent to be members of the COLLECTIVE can be easily ascertained by using SSI's payroll and personnel records.

31. Potential COLLECTIVE members may easily and quickly be notified of the pendency of this action by electronic and regular mail.

32. Mr. Samuels requests the Court to authorize notice to the COLLECTIVE members to inform them of the pendency of this action and their right to opt in to this lawsuit as permitted by 29 U.S.C. § 216(b), for the purpose of seeking all available relief.

33. Mr. Samuels estimates there are more than 120 similarly situated current and former hourly employees who would benefit from the issuance of Court-supervised notice and an opportunity to join the present action.

34. Pursuit of this lawsuit collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and members of the COLLECTIVE.

# 5. STATEMENT OF CLAIMS[1]

## 5.1. Nonpayment of overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (individual claim)

35. SSI employed Mr. Samuels from March 20, 2020 through March 8, 2022;

36. Mr. Samuels's work was engaged in commerce;

37. SSI's business employed at least two persons, was engaged in commerce, and had annual gross sales of at least $500,000; and

38. After approximately May 16, 2021, SSI willfully failed to pay Mr. Samuels overtime pay as required by law.

## 5.2. Nonpayment of overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (collective action claim)

39. The COLLECTIVE's work was engaged in commerce;

40. SSI's business employed at least two persons, was engaged in commerce, and had annual gross sales of at least $500,000; and

41. SSI willfully failed to pay the COLLECTIVE overtime pay as required by law.

42. Records pertinent to calculating the number of excess hours worked by the COLLECTIVE and the compensation they are entitled to receive are in the possession and control of SSI and its agents.

[1] Once the associated administrative exhaustion requirements have been completed, Mr. Samuels may later seek to amend this lawsuit to add individual claims relating to the termination of his employment.

Mr. Samuels, therefore, is unable to state, until discovery is obtained, the exact amounts owed to the COLLECTIVE.

## 6. PRAYER FOR RELIEF

Mr. Samuels respectfully requests that judgment be entered in his favor, in favor of other similarly situated individuals, and against SSI, on all claims, for its violations of the FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq*. He requests all available relief on these claims, including the following:

a. Preliminary certification of this lawsuit as a collective action as permitted by 29 U.S.C. § 216 and permit Mr. Samuels to notify all affected persons that an action asserting FLSA claims has been filed, of the nature of the action, and of their right to join the suit;

b. Declare that SSI violated the overtime provisions of the FLSA, 29 U.S.C. § 207 as to Mr. Samuels and similarly situated persons who opt into this action; that SSI failed to pay amounts owed to Ms. Samuels and similarly situated persons for time worked in violation of 29 C.F.R. § 785.48(b); that SSI's violations were willful; that a three-year statute of limitations applies to the COLLECTIVE; that Mr. Samuels and other similarly situated persons are entitled to be paid overtime for work in excess of 40 hours per week; and that the amount of unpaid time worked and overtime wages to which Mr. Samuels

and others similarly situated are entitled is to be doubled as liquidated damages and awarded to them;

c. Grant Mr. Samuels and all similarly situated employees a permanent injunction enjoining SSI, and all those acting in concert with SSI at SSI's direction, from engaging the above-described payment practices which violated the FLSA.

d. Back pay (including unpaid overtime);

e. Liquidated damages;

f. Attorney fees and costs; and

g. Prejudgment and postjudgment interest.

## 7. JURY DEMAND

As required by Fed. R. Civ. P. 38(b), Mr. Samuels respectfully requests a trial by jury on all issues so triable.